**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAMAR COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 04119 |
| ) | |
| THOMAS DART, et al., ) | Judge Sharon Johnson Coleman |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lamar Cooper, filed the instant cause of action while a pre-trial detainee at Cook County Jail, alleging that the defendants, Nurse Judy Price, David Fagus, and Thomas Dart, Sheriff of Cook County, failed to provide adequate medical care in violation of the Eighth Amendment. Defendants, David Fagus and Thomas Dart now move to dismiss Cooper's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

A motion to dismiss tests the sufficiency of the complaint, not its merits. See, e.g., Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Under the notice pleading standards of Rule 8, a complaint must set forth sufficient factual material, taken as true, to raise the plaintiff's right to relief "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Abstract recitations of the elements of a cause of action and "naked assertion[s]" devoid of "further factual enhancement" are insufficient to satisfy the pleading requirements of Rule 8. Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009)(quoting

Twombly, 550 U.S. at 555). Thus, in order to survive a motion to dismiss, the complaint must, on its face, contain sufficient factual material for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

**Background**

The following facts are accepted as true for the purpose of this motion. In September 2008 Lamar Cooper suffered multiple gunshot wounds that left him in a coma for approximately a month and required the partial removal of his lungs, colon, and intestines.[1] As a result of his injuries Cooper has a fecal collection bag that requires daily changing, among other medical needs. In December 2008, Cooper was transferred to Cook County Jail's Division Eight, "Cermak."

Cooper's Amended Complaint alleges that while he was a pretrial detainee at Cook County Jail he was denied adequate medical care. Count I of the two count complaint alleges that Thomas Dart, Cook County Sheriff, and David Fagus, Chief Operating Officer of Cermak Health Services of Cook County, violated his constitutional rights by maintaining a policy, custom and widespread practice of such gross deficiencies in the staffing, facilities, equipment and procedures that inmates at Cook County Jail are effectively denied access to adequate medical care. Cooper alleges that he is suing Sheriff Dart in his individual and official capacities. Cooper does not state in what capacity he is suing Fagus. Count II of the complaint alleges Nurse Price denied Cooper necessary medical care that caused serious injury when Cooper's fecal bag was not adequately tended to and he suffered burns from leaking gastric acid and feces. Of concern here are only the allegations against Dart and Fagus.

---

[1] Although the Amended Complaint does not describe the circumstances of Cooper's shooting, there are no allegations that he was shot while in custody or that defendants are responsible for his initial injuries.

**Discussion**

**1. Personal Involvement**

Defendants Dart and Fagus argue that Cooper has failed to allege sufficient personal involvement by Dart and Fagus to maintain a claim under section 1983. Defendants are correct in that section 1983 does not have a system of vicarious liability. *See Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594. Defendants Dart and Fagus contend that Cooper's Amended Complaint does not contain the requisite allegations of Dart's and Fagus' personal knowledge of Cooper's condition, but mere generalizations and legal conclusions. This Court disagrees.

Under the Fourteenth Amendment, pretrial detainees have the same right to adequate medical care as convicted prisoners, which courts assess using the same Eighth Amendment standard of deliberate indifference. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2001). Deliberate indifference has both objective and subjective components. Here, there is no issue as to the objectively serious nature of Cooper's medical condition. *See Grieveson v. Anderson*, 538 F. 3d 763, 775 (7th Cir. 2008) (citing *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The only question is whether Cooper adequately alleges that Dart and Fagus were subjectively aware of and consciously disregarded Cooper's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

While liability of prison officials under section 1983 cannot be vicarious based on their supervisory role, potentially systemic claims should not be dismissed. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1995). In *Antonelli*, the court noted that claims against, then Sheriff of Cook County, Michael Sheahan that are potentially systemic should not be dismissed because

Sheahan can be expected to know of or have participated in creating systemic situations. *Id; see also Diaz v. Hart, et al.*, 2010 U.S. Dist. LEXIS 20671 *17-18 (N.D. Ill. 2010, Lefkow, J.) (finding that "the defendants' titles and positions can lead to an inference that they had some personal responsibility for establishing the medical policies at their respective institutions.")

Although Dart and Fagus could not be expected to know of Cooper's day-to-day medical needs, that is not what Cooper alleges. Cooper alleges that, "Dart and Fagus do not provide for inmates to receive prompt and adequate medical care. They have a policy, custom and widespread practice set in place wherein there are gross deficiencies in staffing, facilities, equipment, and procedures where the inmate population is effectively denied access to adequate medical care." (Am. Compl. ¶ 11.) Cooper further alleges that, "[b]y the winter of 2008, Defendants Dart and Fagus had actual knowledge of pretrial detainees' serious medical needs. They knew about the inadequate medical care described above and the resulting further significant injury or the unnecessary and wanton infliction of pain. This was long-standing, pervasive, and apparent to any knowledgeable observer." (Am. Compl. ¶ 12.) These allegations are sufficient to state a claim. Dart as Cook County Sheriff and Fagus as Chief Operations Officer of Cermak Health Services can certainly be said to have personal involvement in the policies and procedures related to staffing and equipping the facilities. Both Dart and Fagus can be expected to know of or have participated in creating the systemic situation leading to Cooper's injuries. Accordingly, Cooper's claims against Dart and Fagus in their individual capacities survive dismissal.

Cooper also alleges that Dart is liable in his official capacity by maintaining a pervasive policy of inadequate medical care. "[A]n official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the

defendants on notice of the alleged wrongdoing." *Riley v. County of Cook*, 682 F.Supp. 2d 856, 861 (N.D.Ill. 2010)(citing *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Thus, Cooper's claim against Dart in his official capacity also survives dismissal, though he may only proceed against Dart in his official capacity for injunctive relief. *See Joseph v. Bd. Of Regents of University of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005).

**2. Punitive Damages**

Defendants also move to dismiss Cooper's claim for punitive damages against Dart and Fagus in an official capacity. A lawsuit against a municipal employee is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Under section 1983, punitive damages against the individual defendants in their official capacities are not recoverable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, to the extent that the Amended Complaint seeks to punitive damages against the individual defendants in their official capacities, those claims are dismissed with prejudice.

**Conclusion**

Based on the foregoing, this Court finds that Cooper has stated a claim sufficient to survive dismissal, except as to punitive damages against the individual defendants in their official capacities. Defendants Dart and Fagus' Motion to Dismiss the Amended Complaint [43] is therefore granted in part and denied in part.

IT IS SO ORDERED.

Date:  9/27/2011

Entered: _____
Sharon Johnson Coleman