**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAMAR COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 10-cv-04119 |
| | ) | |
| THOMAS DART, DAVID FAGUS, and | ) | |
| NURSE JUDY PRICE, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Lamar Cooper, filed a pro se complaint on July 1, 2010, and a later Amended

Complaint, claiming that Nurse Judy Price, David Fagus (former Chief Operating Officer of

Cermak Health Services of Cook County), and Thomas Dart, Sheriff of Cook County, violated

his constitutional rights by providing deficient medical care and knowingly disregarded the risk

of serious harm. Defendants now move for summary judgment [58] solely on the basis that

Cooper failed to exhaust his administrative remedies. For the reasons stated herein the motion is

denied.

**Background**

The relevant facts are largely not in dispute. Cooper is a pretrial detainee at the Cook

County Department of Corrections ("CCDOC"). In September 2008, he received multiple

gunshot wounds and was in a coma at Stroger Hospital for over a month. As a result of the

wounds, Cooper's lungs, intestines, and colon were partially removed. Cooper also had a

tracheotomy in addition to other medical procedures to treat his wounds.

Cooper was wheelchair bound and dependent on wound vacuums when he transferred from the hospital to Division Eight of Cook County Jail in late December 2008. Approximately one year later, Cooper was transferred to Division Ten of the Jail. Cooper's injuries still required daily care, including changing wound dressings, changing the fecal collection bag attached to Cooper, and applying antiseptic cleansers, etc. to his wounds. On multiple instances, Cooper's fecal bag and dressings were not properly cared for and he suffered burns and permanent scarring on his abdomen and genital area from gastric acids leaking from the fecal bag.

On December 24, 2009, and December 27, 2009, Cooper submitted written grievances claiming deficient medical care, which were consolidated by CCDOC and considered as one grievance. On January 11, 2010, Cooper received a Response referring him to the Medical Director & Patient Care Services. The Response was the only written communication from CCDOC or from the medical director or patient services regarding the status of his grievance. Seven months later, Cooper filed the instant complaint.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper where the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. *Fed. R. Civ. P. 56(a); Celotex v. Catrett*, 477 U.S. 317, 324 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005).

**Discussion**

The defendants move for summary judgment arguing that Cooper failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e *et seq.* Exhaustion is an affirmative defense that inmate plaintiffs are not required to specifically plead and the burden of proof is on the defendants. *Kaba v.Stepp,* 458 F.3d 678, 681 (7th Cir. 2006). In order to properly exhaust available administrative remedies under the PLRA compliance with prison grievance procedures is all that is required. *Jones v. Bock,* 549 U.S. 199, 218 (2007).

Here, it is undisputed that Cooper properly filed his grievances in accordance with the CCDOC Detainee Grievance Procedure. It is also undisputed that Cooper received a response on January 11, 2010, referring his grievance to the Medical Director and Patient Care Services. Cooper avers that he received no communication either from Correctional Rehabilitation Worker assigned to his grievance or from the Medical Director or Patient Care Services after the Response letter of January 11, 2010. Defendants state that they are unable to dispute this fact. Defendants argue that Cooper did not file an administrative appeal and thus failed to exhaust his administrative remedies. This Court disagrees. Cooper properly followed the grievance procedure and arguably received a result in his favor. He was in need of medical care and thus his grievance was referred to the medical unit. Cooper waited approximately seven months for the medical unit to act on his grievance before filing the instant lawsuit. "Prison officials may not take unfair advantage of the exhaustion requirement, and a remedy become 'unavailable' if prison employees do not respond to a properly filed grievance…". *Kaba*, 458 F.3d at 684;*Dole v. Chandler*, 438 F.3d 804, 809, 811 (7th Cir. 2006). Since defendants are unable to present any evidence that the medical director or Patient Care Services followed up in any manner on

Cooper's grievance, this Court finds that it cannot be said that Cooper failed to exhaust his administrative remedies and a material issue of fact remains on this issue.

**Conclusion**

Based on the foregoing, defendants' motion for summary judgment [58] is denied. Status hearing previously set for April 13, 2012 at 9:00 a.m. will stand. The parties should be prepared to discuss trial dates.

IT IS SO ORDERED.


Date: March 30, 2012

Entered:_____

Judge Sharon Johnson Coleman